Glenn R. Kantor – State Bar No. 122643
  E-mail: gkantor@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, California, 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
DAVID HESSER

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| DAVID HESSER, | Case No.: |
|---|---|
| Plaintiff, | **COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; DEMAND FOR PREJUDGMENT AND POST JUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS** |
| v. | |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; SKYWEST, INC. CAFETERIA PLAN | |
| Defendants. | |

Plaintiff David Hesser herein sets forth the allegations of his Complaint against Hartford Life and Accident Insurance Company ("Hartford") and Skywest, Inc. Cafeteria Plan ("the Plan") (hereinafter sometimes collectively referred to as "defendants"):

**JURISDICTIONAL AND VENUE ALLEGATIONS**

1. Plaintiff brings this action for declaratory and monetary relief pursuant to §§502(a)(1)(B) and 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1132(a), (e), (f) and (g), as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed by ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

2. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under an employee benefit plan. Plaintiff seeks relief, including but not limited to, payment of benefits, prejudgment and post-judgment interest, reinstatement to the benefit plans at issue herein, and attorneys' fees and costs.

3. Plaintiff was at all times relevant an employee of Skywest Airlines and a resident in the County of Riverside, State of California.

4. Plaintiff is informed and believes that defendant Hartford is a corporation with its principal place of business in the State of Connecticut, authorized to transact and transacting business in the Central District of California and can be found in the Central District of California.

5. Plaintiff is informed and believes that Skywest Airlines ("Skywest") insured its Long Term Disability plan ("LTD Plan") via the purchase of a Group Disability policy issued and insured by Defendant Hartford.

6. Plaintiff is informed and believes that his employer Skywest established and maintained a long term disability ("LTD") plan for the benefit of its employees. Plaintiff is further informed and believes that Skywest funded its LTD plan in whole or in part via the purchase of an insurance policy from Hartford. Plaintiff is further informed and believes that Hartford identifies the group long term disability policy it issued to the Plan as Group Policy Number GLT673004. Under the law, that policy

1  will be the one that governs his claim. Plaintiff is informed and believes that the
2  Policy was intended by Hartford to insure citizens of the State of California, including
3  plaintiff herein, David Hesser.
4      7.    Plaintiff is informed and believes that the Policy was in effect after
5  January 1, 2012.
6      8.    Plaintiff is informed and believes that The Policy was renewed after
7  June 1, 2012.
8      9.    Plaintiff is informed and believes that the Policy had an anniversary date
9  after January 1, 2012.
10      10.    At some or all relevant times, Defendants were fiduciaries of the LTD
11  Plan within the meaning of ERISA §3(21), 29 U.S.C. §1001(21), in that Hartford
12  acted as claims fiduciary for the LTD Plan, and exercised authority and control over
13  the payment of long-term disability benefits, which are assets of the LTD Plan.
14  Hartford is also the "appropriate named fiduciary" of the LTD Plan as described in
15  29 C.F.R. §2560.503(h)(1).
16      11.    Defendant operates and, at all relevant times, has done business in this
17  judicial district, in that they cover participants who reside in this judicial district.
18  Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

## FIRST CAUSE OF ACTION AGAINST HARTFORD LIFE INSURANCE COMPANY AND SKYWEST, INC. CAFETERIA PLAN FOR ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POST-JUDGMENT INTEREST, AND ATTORNEYS' FEES AND COSTS 29 U.S.C. § 1132(a)(1)(B)

24      12.    Plaintiff incorporates by reference all preceding paragraphs as though
25  fully set forth herein.
26      13.    At all times relevant, Plaintiff was employed by Skywest Airlines
27  ("Skywest"), and was a covered participant under the terms and conditions of the LTD
28  Plan. Skywest's LTD Plan was insured by Defendant Hartford, and Hartford was also

the Plan claims administrator and made all decisions to pay or deny benefit claims. Plaintiff is informed and believes that Hartford identifies the Policy it issued to plaintiff's employer as GLT673004.

14. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering him disabled as defined under the terms of the LTD Plan.

15. Pursuant to the terms of the LTD Plan, Plaintiff made a claim to Hartford for LTD benefits under the LTD Plan. Plaintiff's medical leave resulting from his disabling condition commenced on or about January 30, 2012 and he became eligible for LTD benefits on or about July 28, 2012. His claim for benefits was initially approved by Hartford, who paid benefits to plaintiff. Hartford wrongfully terminated plaintiff's benefits on or about April 25, 2017.

16. Plaintiff appealed the denial on or about November 25, 2017. Hartford rendered its decision on appeal, upholding the original denial of benefits on December 22, 2017. Plaintiff has exhausted his administrative remedies under the Plan.

17. Hartford and the Plan have breached the LTD Plan and violated ERISA in the following respects:

   (a) Failing to pay LTD benefit payments to Plaintiff at a time when Hartford and the Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though Hartford and the Plan had such knowledge, Hartford denied Plaintiff's LTD benefits;

   (b) Failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the denial of Plaintiff's claims for LTD benefits;

      (c)    After Plaintiff's claim was denied in whole or in part, Hartford failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect his claim along with an explanation of why such material is or was necessary;

      (d)    Failing to properly and adequately investigate the merits of Plaintiff's disability claim and failing to provide a full and fair review of Plaintiff's claim by informing Plaintiff that Defendant would allow Plaintiff to review and rebut Defendant's peer review report prior to the final denial, and failing to do so; and

      (e)    Failing to provide and adhere to a "reasonable claims practice" under 29 C.F.R. 2560-503-1.

18.    Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied Plaintiff his disability benefits under the LTD Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

19.    Following the denial of benefits under the LTD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Plan.

20.    As a proximate result of the aforementioned wrongful conduct of Hartford, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

21.    As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

22. The wrongful conduct of Hartford has created uncertainty where none should exist. Therefore, Plaintiff is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the terms of the LTD Plan.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Payment of disability benefits due Plaintiff up to and including the date of Judgment;

2. An order declaring that Plaintiff is entitled to immediate payment of all past due benefits, reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

7. Plaintiff requests that this Court reconstruct the administrative record to include such additional evidence as plaintiff requests as rebuttal to the new evidence relied upon by Hartford during its appeal review.

DATED: July 2, 2017               KANTOR & KANTOR, LLP

                                  By: /s/ Glenn R. Kantor
                                      Glenn R. Kantor
                                      Attorneys for Plaintiff
                                      DAVID HESSER